Trevor McCann, State Bar No. 243724
1065 Reganti Drive, Suite 1
Concord, California 94518
trevor@tbmclaw.com
Tel.: (925) 270-7058

Attorney for Defendants
Blanca Bouton and Jose David Monterrubio

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br> vs. <br><br> BLANCA BOUTON and JOSE DAVID MONTERRUBIO, individually and d.b.a. LOS VECOS TAQUERIA, <br><br> Defendants. | Case No. 3:12-CV-05762 RS <br><br> **ANSWER AND DEMAND FOR JURY TRIAL** |

Defendants Blanca Bouton and Jose David Monterrubio answer Plaintiff J & J Sports, Productions, Inc.'s Complaint as follows:

## I. ANSWER
## JURISDICTION

1. Admitted.

2. Admitted.

3. Bouton and Monterrubio admit that they are subject to the personal jurisdiction of this Court. Bouton and Monterrubio deny the remaining allegations in this paragraph.

## VENUE

4. Bouton and Monterrubio admit that venue is proper in this district. Bouton and Monterrubio deny the remaining allegations in this paragraph.

## INTRADISTRICT ASSIGNMENT

5. Bouton and Monterrubio admit that assignment is proper in this division. Bouton and Monterrubio deny the remaining allegations in this paragraph.

## PARTIES

6. Bouton and Moterrubio lack sufficient information to admit or deny the allegations in this paragraph.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Monterrubio admits that on November 12, 2011, he had the right and ability to supervise the activities of Los Vecos Taqueria. Monterrubio denies the remaining allegations in this paragraph.

12. Bouton admits that on November 12, 2011, she had the right and ability to supervise the activities of Los Vecos Taqueria. Bouton denies the remaining allegations in this paragraph.

13. Monterrubio admits that on November 12, 2011, he was the legal operator of Los Vecos Taqueria. Monterrubio denies the remaining allegations in this paragraph.

14. Denied.

15. Denied.

## COUNT I

16. This paragraph requires no response.

17. Bouton and Moterrubio lack sufficient information to admit or deny the allegations in this paragraph.

18. Bouton and Moterrubio lack sufficient information to admit or deny the allegations in this paragraph.

19. Bouton and Moterrubio lack sufficient information to admit or deny the allegations in this paragraph.

1  20. Denied.
2  21. Denied.
3  22. Denied.
4  23. Denied.
5  24. Denied.
6  25. Denied.

## COUNT II

8  26. This paragraph requires no response.
9  27. Denied.
10 28. Denied.
11 29. Denied.
12 30. Denied.

## COUNT III

14 31. This paragraph requires no response.
15 32. Denied.
16 33. Denied.
17 34. Denied.

## COUNT IV

19 35. This paragraph requires no response.
20 36. Bouton and Moterrubio lack sufficient information to admit or deny the allegations in this paragraph.
22 37. Denied.
23 38. Denied.
24 39. Denied.
25 40. Denied.
26 41. Denied.
27 42. Denied.
28 43. Denied.

44. Denied.

## II. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Estoppel)**

1. J & J's claim is barred, in whole or in part, by the doctrine of estoppel.

2. With advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and with sufficient time to inform, educate, or warn, Bouton and Monterubbio that they failed to purchase J & J's authorization to receive the Program, J & J made the conscious decision to allow Bouton and Monterrubio to receive the Program rather than undertake any actions to prevent its purported damages by so informing, educating, or warning Bouton and Monterrubio.

3. Further, with advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and knowledge that Bouton and Monterubbio that they failed to purchase J & J's authorization to receive the Program, sufficient time existed for J & J to request or demand that DirecTV disable access. J & J did not make such a request or demand to DirecTV. Instead J & J made the conscious decision to allow Bouton and Monterrubio to receive the Program rather than undertake any actions to prevent its purported damages.

4. Further, with advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and knowledge that Bouton and Monterubbio failed to purchase J & J's authorization to receive the Program, J & J caused its agent, Horacio Martinez, to observe receipt of the Program at Los Vecos instead of inform, educate, or warn Bouton and Monterrubio of J & J's property rights or undertake any actions to prevent J & J's purported damages.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

5. J & J's claim is barred, in whole or in part, by the doctrine of waiver.

6. With advanced notice that Bouton and Monterrubio purchased access through

DirecTV to receive the Program at Los Vecos, and with sufficient time to inform, educate, or warn, Bouton and Monterubbio that they failed to purchase J & J's authorization to receive the Program, J & J made the conscious decision to allow Bouton and Monterrubio to receive the Program rather than undertake any actions to prevent its purported damages by so informing, educating, or warning Bouton and Monterrubio.

7. Further, with advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and knowledge that Bouton and Monterubbio that they failed to purchase J & J's authorization to receive the Program, sufficient time existed for J & J to request or demand that DirecTV disable access. J & J did not make such a request or demand to DirecTV. Instead J & J made the conscious decision to allow Bouton and Monterrubio to receive the Program rather than undertake any actions prevent its purported damages.

8. Further, with advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and knowledge that Bouton and Monterubbio failed to purchase J & J's authorization to receive the Program, J & J caused its agent, Horacio Martinez, to observe receipt of the Program at Los Vecos instead of inform, educate, or warn Bouton and Monterrubio of J & J's property rights or undertake any actions to prevent J & J's purported damages.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

9. J & J's claim is barred, in whole or in part, by the doctrine of unclean hands.

10. With advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and with sufficient time to inform, educate, or warn, Bouton and Monterubbio that they failed to purchase J & J's authorization to receive the Program, J & J made the conscious decision to allow Bouton and Monterrubio to receive the Program rather than undertake any actions to prevent its purported damages by so informing, educating, or warning Bouton and Monterrubio. J & J undertook its conduct of inaction with knowledge that had Bouton and Monterrubio known the true cost to receive the Program at Los

Vecos, they would likely have not purchased J & J's authorization. J & J undertook its conduct of inaction in order to reap windfall benefits.

11. Further, with advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and knowledge that Bouton and Monterubbio that they failed to purchase J & J's authorization to receive the Program, sufficient time existed for J & J to request or demand that DirecTV disable access. J & J did not make such a request or demand to DirecTV. Instead J & J made the conscious decision to allow Bouton and Monterrubio to receive the Program rather than undertake any actions prevent its purported damages. J & J undertook its conduct of inaction in order to reap windfall benefits.

12. Further, with advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and knowledge that Bouton and Monterubbio failed to purchase J & J's authorization to receive the Program, J & J caused its agent, Horacio Martinez, to observe receipt of the Program at Los Vecos instead of inform, educate, or warn Bouton and Monterrubio of J & J's property rights or undertake any actions to prevent J & J's purported damages. J & J directed Martinez's inaction in order to reap windfall benefits.

## FOURTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

13. Should it prevail on any claim, J & J's purported damages should be diminished according to J & J's failure to mitigate damages.

14. With advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and with sufficient time to inform, educate, or warn, Bouton and Monterubbio that they failed to purchase J & J's authorization to receive the Program, J & J made the conscious decision to allow Bouton and Monterrubio to receive the Program rather than undertake any actions to mitigate its purported damages by so informing, educating, or warning Bouton and Monterrubio.

15. Further, with advanced notice that Bouton and Monterrubio purchased access through DirecTV to receive the Program at Los Vecos, and knowledge that Bouton and

1  Monterubbio that they failed to purchase J & J's authorization to receive the Program, sufficient
2  time existed for J & J to request or demand that DirecTV disable access. J & J did not make
3  such a request or demand to DirecTV. Instead J & J made the conscious decision to allow
4  Bouton and Monterrubio to receive the Program rather than undertake any actions mitigate its
5  purported damages.

6        16.    Further, with advanced notice that Bouton and Monterrubio purchased access
7  through DirecTV to receive the Program at Los Vecos, and knowledge that Bouton and
8  Monterubbio failed to purchase J & J's authorization to receive the Program, J & J caused its
9  agent, Horacio Martinez, to observe receipt of the Program at Los Vecos instead of inform,
10 educate, or warn Bouton and Monterrubio of J & J's property rights or undertake any actions to
11 mitigate J & J's purported damages. J & J directed Martinez's inaction.

12       17.    Further, J & J consistently seeks enhanced damages under 47 U.S.C. §§ 553 and
13 605 based in part on J & J's purported loss of goodwill among customers. J & J claims that
14 entities who purchased J & J's authorization to receive programs in the past may not do so in the
15 future because signal piracy effectively eliminates competition among commercial
16 establishments; paying customers, alleges J & J, lose money because they are forced to charge
17 premiums for food, drinks, or admission, while those who do not pay for programs need not
18 charge premiums to cover the cost of a program. But J & J's alleged loss of goodwill, if real, is
19 in whole or in part, due to J & J's conscious decision to allow unauthorized reception in order to
20 establish the foundations for its lawsuits.

21 DEMAND FOR JURY TRIAL
22     Bouton and Monterrubio hereby request a jury trial for all issues triable by jury
23 including, but not limited to, those issues and claims set forth in any amended complaint or
24 consolidated action.

Dated: August 13, 2014                    /s/ Trevor McCann

                                          Trevor McCann, Esq.
                                          1065 Reganti Drive, Suite 1
                                          Concord, California 94518
                                          Tel.: (925) 270-7058

**CERTIFICATE OF SERVICE**

I am employed in the County of Contra Costa, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1065 Reganti Drive, Suite 1, California 94518. On August 13, 2014, I caused a true and correct copy of the foregoing document described as ANSWER AND DEMAND FOR JURY TRIAL to be served on the parties to this action as follows:

Electronic Service through the Court's  Electronic Case Files (ECF) system.

The following counsel currently receive email notices for this case through the ECF system.

*SERVICE LIST*

| | |
|---|---|
| Thomas P. Riley<br>LAW OFFICES OF THOMAS P. RILEY, P.C.<br>First Library Square<br>1114 Fremont Avenue<br>South Pasadena, CA  91030-3227 | Counsel for Plaintiff<br>Tel:  (626) 799-9797<br>Fax:  (626) 799-9795 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 13, 2014, at Concord, California.

/s/ Trevor McCann

Trevor McCann, Esq.
1065 Reganti Drive, Suite 1
Concord, California 94518
Tel.: (925) 270-7058