Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Attorneys for Third-Party Defendant and
Counterclaimant DIRECTV, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLANCA BOUTON and JOSE DAVID MONTERRUBIO, individually and d/b/a LOS VECOS TAQUERIA, <br><br> Defendants. | Case No.: 3:12-CV-05762-RS <br><br> **THIRD-PARTY DEFENDANT AND COUNTERCLAIMANT DIRECTV, LLC'S ANSWER AND COUNTERCLAIM** |
| BLANCA BOUTON and JOSE DAVID MONTERRUBIO, individually and d/b/a LOS VECOS TAQUERIA, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> DIRECTV, LLC, and DOES 1-10 inclusive, <br><br> Third-Party Defendants. | |

**ANSWER**

1. Third-party defendant DIRECTV, LLC ("DIRECTV") answers the third-party complaint of third-party plaintiffs Blanca Bouton and Jose David Monterrubio, individually and d/b/a Los Vecos Taqueria ("Third-Party Plaintiffs" or "Los Vecos"), as follows:

**Jurisdiction**

2. DIRECTV admits that jurisdiction is proper.

3. DIRECTV admits that this Court has personal jurisdiction over DIRECTV.

**Venue**

4. DIRECTV admits that venue is proper.

**Intradistrict Assignment**

5. DIRECTV admits that assignment to the San Francisco Division of the Northern District of California is proper.

**Parties**

6. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

7. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

8. Deny.

9. Deny.

10. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

**Facts**

11. DIRECTV denies the allegations of paragraph 11. DIRECTV specifically denies that it made any promise to Third-Party Plaintiffs to create a commercial account at Los Vecos in exchange for a promise from Bouton and Monterrubio to pay for services. DIRECTV denies that Monterrubio informed

1  DIRECTV of the commercial nature of the viewing purposes for the DIRECTV
2  account.
3       12.   DIRECTV is without sufficient knowledge or information to form a
4  belief as to the truth of this paragraph.
5       13.   Admit.
6       14.   Deny.
7       15.   DIRECTV admits to the averment in this paragraph that residential
8  customers pay significantly less for DIRECTV's services than do commercial
9  customers.  DIRECTV denies the remainder of this paragraph.
10      16.   Deny.
11      17.   Deny.
12      18.   DIRECTV is without sufficient knowledge or information to form a
13 belief as to the truth of this paragraph.
14      19.   DIRECTV is without sufficient knowledge or information to form a
15 belief as to the truth of this paragraph.
16      20.   DIRECTV admits the averment in this paragraph that DIRECTV can
17 provide customers access to select NFL and MLB content.  DIRECTV denies the
18 remainder of the paragraph.
19      21.   Deny.
20      22.   Deny.  DIRECTV specifically denies that it charges its residential and
21 commercial customers the same price for content and/or the Program.
22      23.   Deny.
23      24.   DIRECTV admits the averments that an account under the name of
24 "Monterrubio" ordered the Program and paid $54.95 plus tax.  DIRECTV denies the
25 remainder of this paragraph.
26      25.   Deny.

26. DIRECTV admits that the account associated with the address at which Third-Party Plaintiffs contend Los Vecos is located received the Program. DIRECTV denies the remainder of this paragraph.

27. Deny.

28. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

29. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

30. Deny.

31. Deny.

32. Deny.

33. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

34. Deny.

## COUNT I

### Contribution and Equitable Indemnity

35. DIRECTV incorporates by reference the proceeding paragraphs as though fully set forth within.

36. Deny.

37. Deny.

## COUNT II

### Negligence

38. DIRECTV incorporates by reference the proceeding paragraphs as though fully set forth within.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.
44. Deny.
45. Deny.
46. Deny.
47. Deny.
48. Deny.
49. Deny.

## COUNT III[1]

### Fraud

### (Negligent Misrepresentation of Fact)

50. DIRECTV incorporates by reference the proceeding paragraphs as though fully set forth within.

51. Deny.
52. Deny.
53. Deny.
54. Deny.
55. Deny.
56. Deny.
57. Deny.
58. Deny.
59. Deny.
60. Deny.

---

[1] The third-party complaint skips Count III and incorrectly numbers this count as Count IV, which also causes each subsequent cause of action to also be incorrectly numbered.

## COUNT IV

### Fraud

### (Suppression of Fact)

61. DIRECTV incorporates by reference the proceeding paragraphs as though fully set forth within.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

## COUNT V

### Breach of Contract

73. DIRECTV incorporates by reference the proceeding paragraphs as though fully set forth within.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

## COUNT VI

**Violation of California Business and Professions Code Section 17200,** *et seq.*

82. DIRECTV incorporates by reference the proceeding paragraphs as though fully set forth within.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

## COUNT VII

**California Business and Professions Code Section 17500,** *et seq.*

**(Untrue or False Advertising)**

89. DIRECTV incorporates by reference the proceeding paragraphs as though fully set forth within.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

## AFFIRMATIVE DEFENSES

By way of further answer and affirmative defenses, DIRECTV states as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

All or some of Third-Party Plaintiffs' purported claims fail to state facts sufficient to constitute a cause of action against DIRECTV.

## SECOND AFFIRMATIVE DEFENSE
(Laches)

All or some of Third-Party Plaintiffs' purported claims are barred in that third-party plaintiffs have unreasonably delayed efforts to enforce their rights, if any, despite full awareness of the rights of DIRECTV.

## THIRD AFFIRMATIVE DEFENSE
(Waiver, Acquiescence and Estoppel)

All or some of Third-Party Plaintiffs' purported claims are barred by the doctrines of waiver, acquiescence, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE
(Consent)

All or some of Third-Party Plaintiffs' purported claims are barred because Third Party Plaintiffs consented to the conduct of which they complain.

## FIFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

All or some of Third-Party Plaintiffs' purported claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
(No Causation)

All or some of Third-Party Plaintiffs' purported claims are barred because DIRECTV was not the actual or proximate cause of Third-Party Plaintiffs' damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Third Party-Plaintiffs have failed to mitigate their damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

(No Duty)

All or some of Third-Party Plaintiffs' purported claims are barred, in whole or in part, because DIRECTV did no owe Third Party Plaintiffs any duty.

## NINTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

The Third-Party Plaintiffs' purported claims are barred under the doctrine of contributory negligence.

## TENTH AFFIRMATIVE DEFENSE

(Inadequate Consideration)

Each of the purported contract causes of action set forth in the third-party complaint fails due to inadequate consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

(Mistake)

Each of the purported causes of action set forth in the third-party complaint fails due to the unilateral and/or mutual mistake of the parties.

## TWELFTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

All of Third-Party Plaintiffs' claims are barred in whole or in part because DIRECTV's actions were justified and/or privileged.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Material Breach/Material Misrepresentation)

Each of the purported causes of action set forth in the third party complaint is barred in whole or in part because Third-Party Plaintiffs substantially and materially breached the contracts alleged therein by making material misrepresentations.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

Each of the purported causes of action set forth in the third party complaint is barred in whole or in part because DIRECTV acted in good faith, exercised reasonable care, and complied with any duties owed to Third-Party Plaintiffs with respect to matters alleged in the third party complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Business Justification)

All of Third-Party Plaintiffs' claims are barred in whole or in part because DIRECTV at all times acted with reasonable justifiable business justification.

## SIXTEENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

All of Third-Party Plaintiffs' claims are barred in whole or in part under the doctrine of after-acquired evidence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Acts of Third Parties)

All of Third-Party Plaintiffs' claims are barred in whole or in part because Third Party-Plaintiffs' damages, if any, were caused by the acts of other third parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Agreement to Arbitrate)

All of Third-Party Plaintiffs' claims are barred in whole or in part by a valid and binding arbitration clause contained in a contract between Third-Party Plaintiffs and DIRECTV.

## **RESERVATION OF RIGHTS**

In addition, DIRECTV avers that it has not completed its investigation and discovery regarding the third party complaint or the claims asserted by Third-Party Plaintiffs therein. Accordingly, DIRECTV reserves the right to assert such additional

affirmative defenses as necessary based on such ongoing investigation and discovery, and to further amend these responses as required.

## PRAYER

WHEREFORE, DIRECTV prays for judgment as follows:

1. That Third-Party Plaintiffs take nothing from DIRECTV by reason of the third-party complaint;
2. That the third-party complaint against DIRECTV be dismissed with prejudice;
3. That DIRECTV be awarded costs of suit;
4. That DIRECTV be awarded any other and further relief as the Court may deem just and proper.

## DIRECTV'S COUNTERCLAIM COMPLAINT

For its counterclaims against Third-Party Plaintiffs Blanca Bouton and Jose David Monterrubio, individually and d/b/a Los Vecos Taqueria (collectively "Counter-Defendants" or "Los Vecos"), DIRECTV avers as follows:

### The Parties

1. Counterclaimant DIRECTV is a limited liability company organized the laws of the State of California. DIRECTV is the nation's leading direct broadcast satellite system, delivering hundreds of channels of television and other programming (the "Satellite Programming") to more than 20 million customers in the United States. DIRECTV programming is offered via subscription and pay-per-view service and is available to both residential and commercial customers. Through its operations, DIRECTV provides direct broadcast satellite programming to subscribers with specialized satellite hardware who pay for the programming. DIRECTV holds proprietary rights to the Satellite Programming it transmits, and DIRECTV is the owner of and/or lawfully licensed distributor for such Satellite Programming.

2.  On information and belief, counter-defendant Blanca Bouton ("Bouton") is an individual of full age of majority, domiciled and residing in Hayward, California. On information and belief, Bouton owns and operates Los Vecos Taqueria.

3.  On information and belief, counter-defendant Jose David Monterrubio ("Monterrubio") is an individual of full age of majority, domiciled and residing in Hayward, California. On information and belief, Monterrubio owns Los Vecos Taqueria with Bouton.

4.  On information and belief, Los Vecos Taqueria is a commercial establishment serving food, having its principal place of business at 441 Blossom Way, Hayward, California 94541.

5.  DIRECTV does not presently know the true names and capacities of the Counter-Defendants sued herein as DOES 1 through 10 and therefore is suing those Counter-Defendants by fictitious names pursuant to Federal Rule of Civil Procedure 19. DIRECTV will amend its counterclaims to allege the true identities of DOES 1 through 10 once they have been ascertained. DIRECTV is informed and believes that each of the Counter-Defendants sued as DOES 1 through 10 is in some manner responsible for the occurrences, injuries and other damages alleged in this counterclaim.

6.  On information and belief, at all times mentioned herein, each of Bouton, Monterrubio, individually and d/b/a Los Vecos Taqueria and DOES 1 through 10, was the agent, co-conspirator, and/or alter ego of the other, and in acting as alleged herein, was acting within the course and scope of such agency, conspiracy, and/or relationship. On information and belief, each counter-defendant shared a unity of interest and commingled assets such that it would sanction a fraud or promote an injustice to uphold any corporate distinctions, if any exist, to allow any counter-defendant to escape liability for damages suffered by counterclaimants.

## JURISDICTION AND VENUE

7.  This lawsuit is brought pursuant to (1) the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511, et seq. (the "Act"), as an action for declaratory and injunction relief and damages for the improper receipt, transmission, and exhibition of satellite programming signals in violation of the Act; and (2) the contract for residential Satellite Programming between Counter-Defendants and DIRECTV, which was breached by Counter-Defendants. This Court has jurisdiction on the subject matter of this action under 28 U.S.C. § 1331, pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

8.  This Court has personal jurisdiction over the parties in this action. The Counter-Defendants to this action have independently transacted business in the State of California, and certain activities of the Counter-Defendants giving rise to this action took place in the State of California. More particularly, Counter-Defendants' acts of violating federal laws and DIRECTV's proprietary rights as distributor of the satellite programming transmission signals took place in the Northern District of California. Moreover, upon information and belief, Los Vecos Taqueria has its principal place of business within the state of California. Bouton and Monterrubio, individually and as owners of Los Vecos Taqueria, reside in the Northern District of California; thus, this Court has personal jurisdiction over Counter-Defendants.

9.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 28 U.S.C. § 84(c)(2), as a substantial part of the events or omissions giving rise to the claim occurred within Hayward, California, which is within the Northern District of California. Venue is also proper because Counter-Defendants initiated the present action in this Court.

## **GENERAL ALLEGATIONS**

10. DIRECTV satellite programming services ("Satellite Programming") is offered via subscription and pay-per-view and is available to both residential and

commercial customers. In order to receive and view DIRECTV satellite programming, each customer is required to obtain DIRECTV satellite hardware (including a small satellite dish and DIRECTV integrated receiver/decoder ("IRD") with DIRECTV Access Card) and is required to establish an account with DIRECTV. DIRECTV sells and distributes DIRECTV satellite equipment necessary to receive DIRECTV programming, directly and through commissioned independent third party retailers, with which DIRECTV contracts. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase the Satellite Programming. DIRECTV's Customer Agreement describes the terms and conditions of the receipt of and payment for DIRECTV service for residential accounts, provided to residential subscribers and is also available at directv.com, as are other DIRECTV agreements including DIRECTV Commercial Viewing Agreements for commercial subscribers.

11. DIRECTV provides services to homes based on residential rates and to commercial establishments under commercial rates. Commercial rates are typically higher, based on a variety of factors.

12. On or about May 19, 2009, Counter-Defendants provided their information to a third-party retailer to obtain DIRECTV satellite television service. Counter-Defendants provided the address of 441 Blossom Way, Hayward, California 94541, for an Account to be set up in the name of "Jose D. Monterrubio" as a residential account, which is governed by the terms and conditions of DIRECTV's Residential Customer Agreement (the "Residential Agreement"). A copy of that agreement was provided to Counter-Defendants. That agreement provides terms of service that are different than those in DIRECTV's Commercial Viewing Agreement.

13. DIRECTV Satellite Programming account number 35898675 (residential account service for 441 Blossom Way, Hayward, California 94541) was activated on or about May 20, 2009. On information and belief, Counter-Defendants displayed

the Satellite Programming in a commercial setting without DIRECTV's authorization and without any valid right.

14. On or about November 12, 2012, Counter-Defendants ordered a pay-per-view event entitled *Manny Pacquiao v. Juan Manuel Marquez III WBO Welterweight Championship Fight*, telecast nationwide on Saturday, November 12, 2011 (the "Program") using Mr. Monterrubio's DIRECTV residential account number 35898675 and displayed it at Los Vecos Taqueria. None of the Counter-Defendants ordered the Program via a properly authorized commercial DIRECTV account.

15. Upon information and belief, Counter-Defendants, wishing to use DIRECTV programming for their own commercial gain at the lower residential rates, gained access to DIRECTV programming by subscribing to DIRECTV services under a residential account and utilizing those services in a commercial environment.

16. Upon information and belief, Counter-Defendants – without obtaining valid commercial exhibition rights, and without appropriate commercial authorization – willfully received and repeatedly displayed DIRECTV Satellite Programming using DIRECTV residential account number 35898675 in the commercial establishment known as Los Vecos Taqueria to the public for commercial benefit and/or financial gain, including but limited to Counter-Defendants' display of the Program in a commercial setting on November 12, 2011 in violation of the Residential Agreement.

17. Counter-Defendants, without entitlement, without prior permission, or proper authorization from DIRECTV, and without having paid DIRECTV for the right to receive, broadcast, use or display DIRECTV Satellite Programming in the commercial establishment known as Los Vecos Taqueria, have received, assisted in receiving, transmitted, assisted in transmitting, divulged, published and displayed the content and substance of DIRECTV's Satellite Programming at such Counter-Defendants' place of business, Los Vecos Taqueria. Counter-Defendants displayed and/or published such Satellite Programming to their customers and others in violation of several federal statutes (including 18 U.S.C § 2511), as well as the laws

1  of the State of California.  Moreover, Counter-Defendants' acts were unauthorized,
2  willful, and for purposes of direct and indirect commercial advantage or private
3  financial gain.

4      18.    DIRECTV has been damaged by Counter-Defendants in that (a) DIRECTV
5  has been denied subscription fees for commercial use of its Satellite Programming;
6  (b) DIRECTV's sales have been reduced through Counter-Defendants' unfair
7  competition with DIRECTV's authorized customers; and (c) DIRECTV's proprietary
8  rights in the Satellite Programming have been impaired.  In addition, Counter-
9  Defendants profited and gained commercial advantage from the unauthorized and
10 willful use of DIRECTV's Satellite Programming.

## COUNT 1

**(Damages for Violations of 18 U.S.C. § 2511)**

**Against All Counter-Defendants**

14     19.    DIRECTV repeats and incorporates herein by reference the proceeding
15 paragraphs as if fully set forth.

16     20.    For further cause of action, DIRECTV alleges that Counter-Defendants
17 intentionally intercepted, endeavored to intercept, or procured other persons to
18 intercept electronic communications from DIRECTV.  Counter-Defendants further
19 disclosed or endeavored to disclose to others the contents of electronic
20 communications, knowing or having reason to know that that the information was
21 obtained through the interception of electronic communications in violation of 18
22 U.S.C. § 2511.  Counter-Defendants further intentionally used or endeavored to use
23 the contents of electronic communications, knowing or having reason to know that
24 the information was obtained through the interception of electronic communications
25 in violation of 18 U.S.C. § 2511.

26     21.    DIRECTV is an entity whose electronic communications are being
27 intercepted, disclosed and/or intentionally used in violation of 18 U.S.C. § 2520.

22. Due to Counter-Defendants' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. § 2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by the Counter-Defendants as a result of their conduct, or (2) statutory damages in the amount of the greater of $10,000 or $100 per day for each day Counter-Defendants acted in violation of 18 U.S.C. § 2511.

23. As a further result of such violations, DIRECTV is entitled to costs, reasonable attorneys' fees, actual damages suffered, and profits obtained by Counter-Defendants attributable to their illegal conduct.

24. In addition, given Counter-Defendants' willful conduct, DIRECTV is entitled to collect punitive damages.

## COUNT 2

### (Breach of Contract)

### Against All Counter-Defendants

25. DIRECTV repeats and incorporates herein by reference the preceding paragraphs as if fully set forth.

26. To obtain DIRECTV Satellite Programming, Counter-Defendants accepted DIRECTV's terms and conditions, as detailed in the DIRECTV Residential Agreement. The Residential Agreement is a valid and binding contract, a copy of which is provided to Counter-Defendants along with the initial DIRECTV invoice.

27. Counter-Defendants accepted the terms of that agreement, by continuing to receive DIRECTV programming. In addition, the Residential Agreement is made available to DIRECTV customers at all times on DIRECTV's Internet website.

28. The Residential Agreement provides that DIRECTV "provide[s] Service only for your private non-commercial use, enjoyment and home viewing. The programming may not be viewed in areas open to the public or in commercial establishments."

29. In accepting the terms and continuing service, Counter-Defendants represented to DIRECTV that the account would be a residential account and no Satellite Programming would be displayed in a commercial establishment.

30. Counter-Defendants breached the Residential Agreement by displaying DIRECTV's Satellite Programming in Los Vecos Taqueria, a commercial establishment.

31. DIRECTV performed all of its obligations under the Residential Agreement, or, if DIRECTV did not perform, that nonperformance was excused by Counter-Defendants' breach.

32. Due to Counter-Defendants' breach of the Residential Agreement, DIRECTV has been damaged in an amount to be proven at trial.

## COUNT 3
### (Civil Conversion)
### Against All Counter-Defendants

33. DIRECTV repeats and incorporates herein by reference the preceding paragraphs as if fully set forth.

34. By virtue of the conduct set forth above, Counter-Defendants have unlawfully converted DIRECTV's property for their own commercial use and benefit.

35. Such conversion was done intentionally and wrongfully by Counter-Defendants to deprive DIRECTV of its proprietary interests and for Counter-Defendants' direct commercial benefit and advantage.

36. Due to Counter-Defendants' wrongful conversion of DIRECTV's Satellite Programming, DIRECTV suffered damages to be proven at trial.

## COUNT 4

## (Injunctive Relief)

## Against All Counter-Defendants

37. DIRECTV repeats and incorporates herein by reference the preceding paragraphs as if fully set forth.

38. DIRECTV further alleges that unless restrained by this Court, the Counter-Defendants will continue to receive, intercept, transmit, and exhibit the Satellite Programming, illegally and without authorization, in violation of 18 U.S.C. § 2511. Counter-Defendants intercepted and publicly exhibited the Satellite Programming without authorization, and, on information and belief, their exhibition is ongoing and/or on numerous occasions.

39. The violations of 18 U.S.C. § 2511, set forth above, have caused and will continue to cause DIRECTV irreparable harm.

40. DIRECTV cannot practicably determine the lost revenues resulting from the Counter-Defendants' unlawful conduct. In addition to diminishing DIRECTV's revenues, the Counter-Defendants' unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing DIRECTV's ability to enhance future growth and profitability.

41. DIRECTV has no adequate remedy at law to redress the violations set forth above.

## **PRAYER**

WHEREFORE, third-party defendant and counterclaimant DIRECTV prays that this Court enter judgment in their favor and against Counter-Defendants and:

1. Declare the Counter-Defendants' unauthorized interception, reception, and public commercial exhibition of DIRECTV's electronic communications, or its assistance in the performance of such unauthorized actions, was in violation of 18 U.S.C. § 2511, and that such violations were committed

1  willfully and for purposes of direct or indirect commercial advantage and private financial gain;

2. In accordance with 18 U.S.C. § 2520(b)(1), enjoin Counter-Defendants, its owners, officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of them from (1) interfering with DIRECTV's proprietary rights, (ii) intercepting, receiving, divulging, or displaying DIRECTV Satellite Programming without prior written consent of DIRECTV; and (iii) any further violations;

3. Award DIRECTV statutory damages in the amount of the great of $10,000 or $100 per day for each day Counter-Defendants violated 18 U.S.C. § 2511, or alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Counter-Defendants' violations of 18 U.S.C. § 2511.

4. Award DIRECTV damages it suffered as a result of Counter-Defendants' breach of the Residential Agreement and Commercial Agreement and Conversion, as such damages are established at trial;

5. Award DIRECTV punitive damages; and

6. Award DIRECTV its costs, including reasonable attorneys' fees, prejudgment interest and post-judgment interest, and other such relief to which DIRECTV may be entitled.

DATED: October 30, 2014                BAKER MARQUART LLP


                                       By:  /s/ Ryan G. Baker
                                       Ryan G. Baker
                                       Attorneys for Third-Party Defendant
                                       DIRECTV, LLC