UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> BLANCA E. BOUTON, et al., <br><br> Defendants. | Case No. 12-cv-05762-RS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE** |

## I. INTRODUCTION

This ongoing commercial piracy dispute concerns a boxing match between Manny Pacquiao and Juan Manual Marquez III ("the Program") that was televised on November 12, 2011. Defendants Blanca Bouton and Jose David Monterrubio, , individually and doing business as Los Vecos Taqueria, allegedly intercepted and broadcast the fight without purchasing a license from plaintiff J&J Sports Productions, Inc., to which exclusive distribution rights to the fight belong. Plaintiff avers this conduct constitutes an act of conversion and violated the Communications Act of 1934, 47 U.S.C. § 605(a), the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*.

Plaintiff now moves to strike the three affirmative defenses defendants raise in their amended answer. While defendants' assertions of waiver, unclean hands, and failure to mitigate damages in their initial answer were stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, as re-pleaded in defendants' amended answer, the defenses of waiver and failure to mitigate damages do not warrant further dismissal or amendment and shall be permitted to advance. Defendants' unclean hands defense is, however, unsupported by sufficient factual

allegations and is therefore stricken without leave to amend.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" may be stricken either sua sponte or by a party's motion. The function of a 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citation and quotations omitted). Such motions are "generally disfavored," however, "because [they] may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

An affirmative defense should be stricken where it is "insufficient" under Rule 12(f), either as a matter of law or as a matter of pleading. *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). A defense is legally insufficient when there are no questions of fact; questions of law are clear and not in dispute; and the defense would not succeed under any circumstances. *Ganley v. County of San Mateo*, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). A defense is insufficiently pleaded where it fails to give the plaintiff "fair notice" of the defense. Bare legal conclusions bereft of supporting facts arguably contravene this standard as well as the requirements of Federal Rule of Civil Procedure 8. *See Wyshak*, 607 F.2d 824, 927 (9th Cir. 1979). Rote pleading of affirmative defenses, particularly in conclusory fashion, is therefore heavily discouraged.

## III. DISCUSSION

Defendants rely on the same factual assertions to support all three affirmative defenses raised. They claim that plaintiff, with advance knowledge of defendants' intent to broadcast the Program at their establishment without a license, dispatched an auditor, Horacio Martinez, to Los Vecos to observe and document the screening while refraining from warning defendants about

plaintiff's rights or interfering with the broadcast. For the foregoing reasons, these assertions as pleaded in the amended answer support claims of waiver and failure to mitigate damages. Defendants' unclean hands defense, however, still fails and must be stricken.

A. Waiver

Waiver is the intentional relinquishment or abandonment of a known right. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). While the absence of a contract between the parties conveying to defendants a right to broadcast the Program is not in dispute, according to defendants, Martinez's conduct manifested plaintiff's intent to waive its exclusive distribution rights and serves as an implied waiver. By observing the Los Vecos broadcast and doing nothing to intervene, defendants reason, Martinez acted at plaintiff's behest to consent to the broadcast.

Plaintiff contends that waiver is not properly pleaded as an affirmative defense in this case because it denies plaintiff's averment that plaintiff did not consent to the broadcast—an essential element of plaintiff's claim. It is indeed the case that "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Here, however, defendants' allegations do not contradict plaintiff's averment that the Los Vecos broadcast occurred without a license. Rather, defendants argue they received plaintiff's consent through an alternate channel: plaintiff's dispatch of Martinez to Los Vecos to observe the broadcast and allow it to continue, with knowledge the defendants had not purchased a license. It would therefore be inappropriate at this early juncture in the case to prohibit defendants from asserting the affirmative defense of waiver.

B. Unclean Hands

In reasserting the affirmative defense of unclean hands, defendants allege that plaintiff pursued a course of conduct leading to litigation, rather than enforcing its exclusive distribution rights when it had the chance, in order to reap the windfall of damages from a favorable verdict—an amount likely to exceed the license fee plaintiff would have collected for defendants to screen the Program legally.

As noted in the prior order, "[u]nder the doctrine of unclean hands, plaintiffs seeking equitable relief must have acted fairly and without fraud or deceit as to the controversy in issue." *Adler v. Fed.*

1   *Republic of Nigeria*, 219 F.3d 869, 877 (9th Cir. 2000).  To survive a motion to strike, an unclean

2   hands defense must prove that (1) the plaintiff engaged in inequitable conduct, and (2) such conduct is

3   directly related to plaintiff's claim.  *Intamin, Ltd. v. Magnetar Technologies Corp.*, 623 F. Supp. 2d

4   1055, 1074 (C.D. Cal. 2009) *aff'd*, 404 F. App'x 496 (Fed. Cir. 2010).

Defendants once again fail to demonstrate how plaintiff's knowledge of their plans to broadcast the Program at Los Vecos rises to "inequitable conduct" sufficient to sustain this affirmative defense.  Plaintiff did not induce defendants into broadcasting the Program illegally, nor did they bear any obligation to protect defendants from the consequences of doing so.  Plaintiff's claims are thus not precluded by the affirmative defense of unclean hands, and this defense is once again stricken.

C. <u>Failure to Mitigate Damages</u>

Defendants further contend that any damages to which plaintiff may be entitled should be diminished pursuant to plaintiff's failure to mitigate.  As noted in the Court's prior order, "[t]he rule of [mitigation of damages] comes into play *after a legal wrong has occurred*, but while some damages may still be averted."  *Pool v. City of Oakland*, 42 Cal. 3d 1051, 1066 (1986) (internal citation and quotation marks omitted) (emphasis added).

Defendants' mitigation defense continues to rest on actions they argue plaintiff could have taken to prevent completion of the broadcast, before plaintiff incurred all of the injuries it alleges.  While mitigation principles are, as a result, arguably inapplicable, it would be premature to strike a mitigation defense at this juncture.  Reserving judgment as to whether this affirmative defense is appropriately characterized as one concerning mitigation, or will ultimately be deemed supported by sufficient facts, it is plausible in theory that plaintiff could have mitigated its damages after defendants illegally intercepted the Program—the averred conduct giving rise to plaintiff's claims—but before the broadcast was complete.

Indeed, had Martinez intervened to shut off the Program at any point after his arrival, some of Los Vecos's patrons conceivably might have returned to their homes to purchase and view the Program privately.  This could have reduced the losses plaintiff incurred from defendants' failure to purchase a license.  Such a course of action might also have diminished plaintiff's alleged loss

of goodwill with its customers who did purchase licenses but, plaintiff avers, would be disincentivized from doing so in future in order to compete with proprietors like defendants, who keep costs down while benefiting from fight night business by hosting screenings without paying for the legally required licenses.  Because there exists a plausible theory by which plaintiff could have mitigated its damages after defendants began illegally intercepting the Program, defendants' mitigation defense is therefore permitted to advance.

## V. CONCLUSION

For the aforementioned reasons, plaintiff's motion to strike is granted without leave to amend with regard to defendants' unclean hands affirmative defense, and denied as to the defenses of waiver and failure to mitigate damages.

**IT IS SO ORDERED**.

Dated: May 13, 2015

_____
RICHARD SEEBORG
United States District Judge